IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST John N. O'BRIEN, Attorney at Law.

Supreme Court

*No. 81–2305–D. Filed April 27, 1982.*
(Also reported in 318 N.W.2d 378.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

On December 2, 1981, the Board of Attorneys Professional Responsibility filed a complaint alleging three counts of unprofessional conduct against John N. O'Brien, who was admitted to practice in Wisconsin in August of 1963, and who practices in Delavan. It was alleged that during the course of the probate of the estate of Ferber the respondent neglected to communicate with the heirs and that, despite repeated attempts by the heirs to communicate with the respondent to request him to complete the probate of the estate, it had not been closed after a period of almost two years. The Board also alleged that the respondent failed to

communicate with the daughter of the deceased and neglected to complete the probate of the estate of Cole within a reasonable time. It was alleged that this constituted neglect of legal matters entrusted to the respondent, in violation of SCR 20.32(3). The complaint further alleged that the respondent violated SCR 22.07(2) by his failure to respond to numerous written and telephone inquiries and requests for responses to the grievances from the Board.

This matter was referred to the Hon. Thomas P. Corbett as referee pursuant to SCR 21.09(4). Thereafter the Board filed an amended complaint adding a fourth count of unprofessional conduct, namely, that the respondent failed to complete the probate of the estate of Lucas despite numerous demands by the heir and communications from the clerk of the probate court. This conduct, it was alleged, constituted neglect of a legal matter in violation of SCR 20.32(3).

The respondent filed an answer and an amended answer in which he admitted to the allegations contained in the first three counts of unprofessional conduct and denied those contained in the fourth count. After the respondent and the Board had stipulated to the relevant facts, a hearing was held before the referee on March 18, 1982.

The referee filed his report and recommendation with the court on March 26, 1982, in which he found that as to the estates of Ferber and Cole, the respondent had conferred with the probate judge in response to an order to show cause in each of the estates and that the judge continued the hearings in order to give the respondent time to close the estates. The referee also found that the personal representative in each estate expressed a desire to have the respondent continue the probate to completion. As to the Lucas estate, the referee found that the respondent was unable to file an inventory be-

cause the person who was proposed as personal representative has completely failed to cooperate with him. The referee also found that the respondent did not respond in any way to the Board's requests for a written answer to the grievances which had been filed against him.

The referee concluded that the respondent's conduct in the three estates constituted violations of SCR 20.32 (3) but that the conduct of the heir in the Lucas estate in failing to cooperate with the respondent was a mitigating circumstance. The referee also concluded that the respondent's failure to respond to the grievances and his failure to communicate in any way with the Board was a violation of SCR 22.07(2). The referee recommended that the respondent be publicly reprimanded and ordered to pay the costs of the disciplinary proceeding. He also recommended that the court continue jurisdiction in this matter and that no further discipline be imposed at this time pending completion of the Ferber and Cole estates and either the completion of the Lucas estate or the respondent's being relieved of further responsibility in that estate by the probate court.

We adopt the findings, conclusions and recommendation of the referee in this disciplinary proceeding.

It is ordered that John N. O'Brien is publicly reprimanded for his unprofessional conduct.

It is further ordered that John N. O'Brien pay to the Board of Attorneys Professional Responsibility within 60 days of the date of this order the costs of this disciplinary proceeding in the amount of $813.87, provided that if payment is not made within the time specified, the license of John N. O'Brien to practice law in Wisconsin shall be revoked forthwith.

CECI, J., took no part.