IN the MATTER OF DISCIPLINARY PROCEED-
INGS AGAINST John N. O'BRIEN, Attorney at Law.

Supreme Court

*No. 91-0484-D. Filed September 12, 1991.*

(Also reported in 474 N.W.2d 103.)

PER CURIAM. *Attorney disciplinary proceeding;
attorney's license suspended.*

We review the recommendation of the referee that
the license of John N. O'Brien to practice law in Wis-
consin be suspended for 60 days for professional miscon-
duct. That misconduct consisted of continuing to prac-
tice law while his license to do so was suspended as a
result of having failed to pay the assessments for the
Board of Attorneys Professional Responsibility, (Board)

the Board of Bar Examiners and the Clients' Security Fund and for having failed to comply with a condition of a previously imposed public reprimand that he reimburse a client for interest lost on a personal injury settlement as a result of his failure to promptly commence a guardianship proceeding.

We determine that a 60-day license suspension is appropriate discipline for Attorney O'Brien's professional misconduct. He continued to practice law after forfeiting his right to do so by failing to pay the assessments every attorney licensed to practice law in Wisconsin is required to pay to finance the regulatory activities in the areas of lawyer discipline, continuing education, bar admission and protection of the public from the dishonest conduct of lawyers. Moreover, his failure to reimburse a client for funds lost due to his neglect of a legal matter exacerbates the harm caused by his professional misconduct in the first instance.

Attorney O'Brien was admitted to practice law in Wisconsin in 1963 and practices in Delavan. In 1982 the court publicly reprimanded him for neglect of legal matters and for failing to respond to a grievance or communicate with the Board of Attorneys Professional Responsibility during its investigation. *Disciplinary Proceedings Against O'Brien,* 107 Wis. 2d 132, 318 N.W.2d 378. In 1990 the Board publicly reprimanded him for his neglect in commencing a guardianship proceeding in order that a minor's settlement proceeds could be appropriately invested. The referee in this proceeding is Attorney Charles Herro.

Pursuant to the parties' stipulation, the referee made the following findings of fact. At the end of October, 1988, Attorney O'Brien was suspended from the practice of law for having failed to pay his fiscal 1989 Supreme Court Boards and Clients' Security Fund

assessments. Even though notified of that suspension, he continued to practice law through July, 1989, when he paid the delinquent assessments and penalties and his privilege to practice law was restored. The referee concluded that Attorney O'Brien thereby violated SCR 20:5.5(a).[1]

In June, 1990, Attorney O'Brien consented to a public reprimand imposed by the Board as a result of his failure to commence guardianship proceedings as part of his handling of a personal injury settlement for the minor child of a client. He deposited the $29,000 settlement in the circuit court clerk's non-interest-bearing account, where it remained for approximately 17 months. As a result, the client lost the interest that money would have generated had it been properly deposited or if the contemplated guardianship proceeding had been promptly pursued.

As a condition of the public reprimand, the Board required that Attorney O'Brien reimburse the guardianship ultimately obtained by successor counsel for the interest lost as the result of his neglect. Attorney O'Brien had agreed in writing to make that reimbursement but has not done so. The referee concluded that Attorney O'Brien violated SCR 21.03(4)[2] by failing to

---

[1]SCR 20:5.5 provides:

**Unauthorized practice of law.**

A lawyer shall not:

(a) practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction; . . .

[2]SCR 21.03 provides:

**General principles.**

. . .

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

comply with the condition of the public reprimand imposed by the Board. After the Board commenced this proceeding, Attorney O'Brien renewed his promise to reimburse the guardianship.

As discipline for his professional misconduct, the referee recommended that Attorney O'Brien's license to practice law be suspended for 60 days and that he be required to pay the costs of this proceeding. Further, the referee recommended that Attorney O'Brien be required to reimburse the guardianship as a condition of reinstatement of his license.

We adopt the referee's findings of fact and conclusions of law and accept the recommendation for discipline.

IT IS ORDERED that the license of John N. O'Brien to practice law in Wisconsin is suspended for a period of 60 days, commencing October 14, 1991.

IT IS FURTHER ORDERED that as a condition of reinstatement of his license to practice law following the suspension, John N. O'Brien reimburse the guardianship for interest lost as a result of his professional misconduct.

IT IS FURTHER ORDERED that within 60 days of the date of this order John N. O'Brien pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of John N. O'Brien to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that John N. O'Brien comply with the provisions of SCR 22.26 con-

cerning the duties of a person whose license to practice law in Wisconsin has been suspended.